STATE ex rel DOUGHERTY, et al, Appellant, v. HURLEY TELEPHONE COMPANY et al, Respondents.

(171 N. W. 821).

(File No. 4472.   Opinion filed April 18, 1919.)

**Telephones—Rates, Discrimination—Railroad Commissioner's Order Re Switching Rates—Flat Rate to Some, Special Rate to Other Patrons, Whether Violative of Order—Regulative Power of Commission—Unlawful Discrimination—Statute.**

Where the state Railroad Commission made and promulgated an unappealed from order directing and commanding that defendant telephone company cease from practice of charging

message rates to subscribers for switching service with any exchange with which it might have connection; it appearing there were several apparently independent telephone companies operating within Turner County, all of which in some manner are connected with each other by exchanges or switching boards; that another company's line served patrons within and abjacent to an incorporated townn, all the foregoing being connected with defendant telephone lines as the principal system, it being connected with various other outside systems, and having in the country a switch board or an exchange designated the "Flyger switch;" that on certain lines connected with said switch the patrons, after the making of said order, were served upon basis of a flat rate varying from 12½c to 25c per month for switching service, while on other of defendant's lines connected with this switch, no flat rate for switching service was charged, but instead, 10c for message transfers at said switch, which special charges were turned over to whatever other company happened to receive or originate the message; **held,** that such practice of charging 10c for switched messages was plainly in violation of said order; that the finding of trial court that the evidence fails to show that defendant telephone company violated said order, is erroneous. **Held,** further, that said order was one the commission was empowered to make in regulation of telephone service charges relating to exchange connections; that by said order the commission intended to and did prohibit any charges by defendant company of message rates for any and all switching service at any exchange with which it was connected. **Held,** further, that charging of some patrons on some lines a flat rate for switching service, and others a message rate, was an unlawful discrimination under Laws 1911, Ch. 218, Sec. 10, empowering the Railroad Commission to regulate telephone companies.

Appeal from Circuit Court, Turner County. Hon. Louis L. Fleeger, Judge.

Proceeding in mandamus, by the State of South Dakota, on the relation of P. W. Dougherty, J. J. Murphy and F. E. Wells, as the Board of Railroad Commissioners of the State of South Dakota, against The Hurley Telephone Company, a corporation, and others, to compel defendant telephone company to comply with a certain order of said railroad commission. From a judgment in favor of defendant telephone company, and from an order denying a new trial, the Railroad Commission appeals. Judgement and order reversed; and cause remanded for further proceedings.

*Dan E. Hanson,* State's Attorney, and *Oliver E. Sweet,* Assistant Attorney General, for Appellant.

*Bogue & Bogue,* for Respondent.

Appellant submitted that:

Section 8, Chap. 289, Laws 1909, is the law which the Board of Railroad Commissioners found that the Hurley Telephone Company was violating, and the board's Order was accordingly made with the view to requiring that company to conform its practices to the board's understanding of the provisions of that section.

Respondent submitted that:

The Board is asking this Court to place a strained construction on its own rule; which rule attempts to prohibit the Hurley Telephone Company from charging *its own* subscribers a switching fee. So construed, there is no evidence to show that any money has been taken from the subscribers of the Hurley Telephone Company and put into its treasury.

McCOY, J. In a prior proceeding before the Railroad Commission, involving an investigation of the telephone situation in Turner county in relation to the interchange of messages between different telephone companies, a certain order was issued and promulgated by the said commission on the 11th day of March, 1916, among other things, directing and commanding that the Hurley Telephone Company immediately cease and desist from the practice of charging message rates to its subscribers for switching service at any exchange with which it might have connection. No appeal was ever taken from that order. The Railroad Commission, claiming that the Hurley Telephone Company was violating that portion of said order in relation to charging its subscribers message rates for switching service, brought this proceeding in mandamus to compel said Hurley Telephone Company to comply with the said terms of said order of March 11, 1916. On the trial in the circuit court findings and judgment were in favor of the defendant Hurley Telephone Company, from which judgment, and an order overruling a motion for new trial, the Railroad Commission appeals.

[1] Error is assigned, in that the court erred in finding as a fact that the evidence fails to show that the defendant Hurley Telephone Company has violated said order, on the ground that said finding is contrary to the undisputed facts as disclosed by the

pleadings and evidence; that the court also erred in finding as a fact that said portion of said order claimed to have been violated is so uncertain as to its meaning that it cannot be determined therefrom whether it has been violated or not. It appears from the record that there are some five or more apparently independent telephone companies operating within Turner county, all of which in some manner are connected with each other by exchanges or switchboards. In the incorporated town of Hurley is the Steninger Company, whose patrons reside within the limits of the incorporated town. The Hurley Telephone Company is a corporation whose lines, some 33 in number, are rural or country lines extending in different directions around about and outside of the town of Hurley. The Hurley Telephone Company's lines connect with the town of Hurley by means of the Steninger Company's exchange and switchboards. The Hurley Telephone Company's lines also connect by means of exchanges with other telephone company systems at Viborg, Irene, Parker, and Freeman. The Hurley Telephone Company also maintains exchanges or switchboards of its own at Marion Junction and Dolton. The Hurley Telephone Company, as a part of its system, also maintains at the farm of one Flyger a switchboard, or exchange, denominated in the record as the "Flyger switch," which is some 11 miles out in the country southwest of the town of Hurley. This "Flyger switch" is the bone of contention in this suit. About 20 lines of the Hurley Telephone Company center at and directly connect with this Flyger switch. On certain of the lines connected with this switch the patrons pay a flat rate varying from 12½ cents to 25 cents per month for switching or exchange service; while on some other of the lines of said Hurley Company, connected with this switch, no flat rate for switching service of any amount is charged.

Mr. Flyger as a witness in substance testified that he had been president and a director of said Hurley Telephone Company, and that he and members of his family had operated said switch; that all those patrons, situated on those certain lines where no flat rate per month was charged for switching service, when making calls through this switch to the town of Hurley, or other towns having connection with the Hurley Telephone Company, were

charged a message rate of 10 cents per message; that when calls were made from outside the Hurley Telephone Company system to patrons situated on its lines where no flat rate for switching service was made, a like charge of 10 cents per message was also made; that such message charges were made by the operator of the Flyger switch and when collected went into the hands of the Steninger Company, or whatever other company happened to receive or originate the message. The Hurley Telephone Company by its answer in this case admitted that it was making such message rate charges, but alleged that the same were not in violation of said order. It is the contention of the appellant that the practice of charging this 10 cents per message for said service through the Flyger switch is in violation of the said order of March 11, 1916.

[2, 3] We are of the opinion, and so hold, that the said practice of making a charge of 10 cents per message to the patrons on certain of the lines of the Hurley Telephone Company at the Flyger switch is a plain violation of the said order of the Railroad Commission; that the said order of March 11, 1916, and that portion thereof material to this controversy, was one the commission had the power and authority to make in regulation of telephone service charges in relation to exchange connections. It seems to be clear and definite, from the said terms of said order, that the commission intended to and did prohibit any charging by the Hurley Telephone Company of message rates for any and all switching service at any exchange with which it was connected. We are of the view that the practice of charging some patrons on some lines a flat rate for switching service, and others a message rate, would result in unlawful discrimination, under section 6, c. 218, Laws of 1911. The two practices, concurrently in force, of making a flat rate to patrons on some lines and a message rate to others, would inevitably lead to much confusion, and clearly hinder the commission in determining just what telephone rate any patron of these lines might be paying for any particular service, all of which the commission would have the right to know in order to properly administer the laws of this state pertaining to telephone rate regulation.

The order and judgment appealed from are reversed, and the cause remanded for further procedure in harmony with this decision.